# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRETT STEVEN HANSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-504-RWS-JBB |
| | § | |
| SHILA HEMBY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636. The March 2, 2026 Report and Recommendation of the Magistrate Judge (Docket No. 112), which contains his proposed findings of fact and recommendations for the disposition of several motions to dismiss, has been presented for consideration.

The Magistrate Judge recommends Defendants Department of Family and Protective Services, Green, Harris,[1] and Hemby's Motion to Dismiss (Docket No. 60) be granted and that Plaintiff's constitutional claims against Defendant Texas Department of Family and Protective Services and Defendants Davietta Green and Shila Hemby in their official capacities be dismissed without prejudice and without leave to amend as jurisdictionally barred by Eleventh Amendment immunity. Docket No. 112 at 66–67. The Magistrate Judge further recommends that Defendant Kristen Hansel's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Docket No. 59) be granted in part and denied in part. Docket No. 112 at 67. Finally, the Magistrate Judge recommends that

---

[1] On July 30, 2025, the Court granted Plaintiff's Motion for Voluntary Dismissal Without Prejudice as to Defendant Tina Harris. Docket No. 81. The claims against Harris have been dismissed without prejudice, and Harris has been terminated as a party to the above case. *Id.*

Defendant Whitney Spraggins's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 50) be granted in part and denied in part. Docket No. 112 at 67.

No objections to the Report and Recommendation have been filed.[2] Because no objections have been filed, any aggrieved party is barred from *de novo* review by the District Court of the Magistrate Judge's findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that Defendants Department of Family and Protective Services, Green, Harris, and Hemby's Rule 12(b)(1) Motion to Dismiss (Docket No. 60) is **GRANTED**. Plaintiff's constitutional claims against Defendant Texas Department of Family and Protective Services and Defendants Davietta Green and Shila Hemby in their official capacities are jurisdictionally barred by Eleventh Amendment immunity and are **DISMISSED WITHOUT PREJUDICE** and without leave to amend. It is further

---

[2] Plaintiff received a copy of the Report and Recommendation on March 2, 2026 via electronic notification. *See* Docket No. 4.

**ORDERED** that Defendant Kristen Hansel's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Docket No. 59) is **GRANTED-IN-PART** and **DENIED-IN-PART**. To the extent Plaintiff sues Kristen Hansel for actions taken in her official capacity as an employee of DFPS, such claims are **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1); any remaining official capacity claims against Kristen Hansel for actions taken outside her official capacity as an employee of DFPS are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6) for failure to allege the essential elements for municipal liability under § 1983. Plaintiff's claims against Kristen Hansel in her individual capacity are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) as time-barred and/or for failure to state a claim. Kristen Hansel's request for attorney's fees and costs is denied. It is further

**ORDERED** that Defendant Whitney Spraggins's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 50) is **GRANTED-IN-PART** and **DENIED-IN-PART**. To the extent Plaintiff's claims are based upon Spraggins's testimony at the December 2024 and May 2025 court hearings related to the underlying custody matter, Spraggins is entitled to absolute witness immunity against those § 1983 claims, and those claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1). Plaintiff's remaining claims against Spraggins for her out-of-court actions are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) as time-barred and/or for failure to state a claim. Spraggins's request for attorney's fees and costs is denied.

**So ORDERED and SIGNED this 18th day of March, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE